IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN J. WALTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-cv-451-NJR-DGW |
| DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, K. HUNTER, WARDEN ETIENNE, MAJOR DENNISON, B. ALLARD and J. BARWICK, Defendants. | ) ) ) ) ) ) ) |

# REPORT AND RECOMMENDATION

**Wilkerson, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a), for a Report and Recommendation on Defendants' Motion for Sanctions (Doc. 60), Motion to Stay Discovery (Doc. 61) and Motion to Compel Discovery (Doc. 62). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion for Sanctions be **GRANTED**, the Motions to Stay Discovery and to Compel Discovery be **DISMISSED AS MOOT**, that this action be **DISMISSED with PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Ivan Walton filed the pending action pursuant to 42 U.S.C. § 1983, alleging that officials at Shawnee Correctional Center deprived him of 141.5 days of earned good conduct credit and, in doing so, unnecessarily prolonged his incarceration in state prison (Doc. 1, pp. 8-18). The Court performed a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and Walton was allowed to proceed on the following claims:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing to take steps to correct the deprivation of Plaintiff's earned good conduct credit despite their knowledge that this error would unnecessarily prolong his incarceration.

**Count 2:** Fourteenth Amendment claim against Defendants for depriving Plaintiff of earned good conduct credit without due process of law.

**Count 3:** Fourteenth Amendment equal protection claim against Defendants for depriving Plaintiff of his earned good conduct credit because of his race.

**Count 4:** State law negligence, breach of contract, and false imprisonment claims against Defendants.

Walton was advised he was under a continuing obligation to keep the Clerk of Court and each opposing party informed on any change of address (Doc. 7, p. 13). On July 25, 2016 Walton informed the Court that his addressed had been changed to 493 Linda Lane, Lynwood, Illinois 60411 (Doc. 25, p. 1). The Court has not received notice of any further changes of address.

Defendants served Walton with notice of deposition at the above listed address on August 29, 2017, however Walton did not attend the scheduled deposition (Doc. 60, p. 2). On September 6, 2017 Defendants served Walton with written discovery requests (Doc. 61, p. 1). Walton did not respond to the discovery requests (Doc. 62, p. 2). Defendants' counsel sent correspondence to Walton in an effort to confer with him regarding the outstanding discovery requests (Doc. 62, p. 1) but received no response.

On December 1, 2017 Magistrate Judge Donald Wilkerson entered an Order to Show Cause and set an in-person hearing for December 18, 2017, for Walton to appear and Show Cause why the pending action should not be dismissed for failure to comply with discovery (Doc. 63). The Order to Show Cause warned Walton that failure to appear at the hearing might result in a recommendation that sanctions being imposed, including a recommendation that this action be dismissed with prejudice (Doc. 63, p. 2). The Clerk of Court sent copies of Magistrate Judge Wilkerson's Order to Show Cause (Doc. 63) and Defendants' Motion for Sanctions (Doc. 60) to

Walton via certified mail at the address on file with the Court.

On December 18, 2017, counsel for Defendants appeared for the scheduled hearing. Despite the Court waiting twenty minutes, and his name being called in the hall outside of the courtroom three times, Walton did not appear.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to sanction a party for not obeying a discovery order, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court is mindful of the difficulties prisoners face in proceeding *pro se*, as well as the additional obstacles Walton faced when he was paroled from prison. Those difficulties, however, do not excuse Walton from complying with deadlines, following the direct Orders of the Court, or maintaining basic communication with the Court. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Here, the Court finds that Walton has failed to comply with discovery in this case by failing to respond to properly propounded interrogatories and failing to appear for his scheduled deposition. Further, the Court finds that despite being warned of the risks, Walton failed to appear at the December 18, 2017 Show Cause hearing in violation of Magistrate Judge Donald G. Wilkerson's order.

### RECOMMENDATIONS

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion for Sanctions be **GRANTED**, the Motions to Stay Discovery and to Compel Discovery be **DISMISSED AS MOOT**, that this action be **DISMISSED with PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

(14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:** December 18, 2017

**DONALD G. WILKERSON**
**Magistrate Judge**