IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN J. WALTON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:16-CV-00451-NJR-DGW ) |
| DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, K. HUNTER, WARDEN ETIENNE, MAJOR DENNISON, B. ALLARD, and J. BARWICK, | ) ) ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 65), which recommends that Defendants' Motion for Sanctions (Doc. 60) be granted, Defendants' Motion to Stay Discovery (Doc. 61) and Motion to Compel Discovery (Doc. 62) be denied as moot, and that this action be dismissed with prejudice. For the following reasons, the Court adopts the Report and Recommendation, but modifies the disposition to address Defendants' request for reimbursement of $150 in court reporter fees.

On April 25, 2016, Plaintiff Ivan Walton filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by officials at Shawnee Correctional Center when they deprived him of 141.5 days of earned good conduct credit and, in doing so, unnecessarily prolonged his incarceration in state prison (Doc. 1, pp. 8-18). On July 25, 2016, Walton provided the Court with a new address since he had

been released from prison (Doc. 25, p. 1). Defendants served Walton with a notice of deposition at this address on August 29, 2017; however, Walton did not appear for the scheduled deposition (Doc. 60, p. 2). As a result, Defendants incurred $150 in court reporter fees. On September 6, 2017, Defendants served Walton with written discovery requests, to which Walton did not respond (Docs. 61, 62). Defense counsel sent correspondence to Walton in an effort to confer with him regarding the outstanding discovery requests but received no response (Doc. 62, p. 2).

On December 18, 2017, Magistrate Judge Wilkerson held a hearing for Walton to appear and show cause as to why the case should not be dismissed for failure to comply with discovery (Doc. 63). Despite notice of the hearing and a warning that the failure to appear may result in sanctions, including dismissal of this action, Walton did not appear. On December 18, 2017, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, recommending that this action be dismissed with prejudice. Objections to the Report and Recommendation were due January 5, 2018; no objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where no objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo. See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Magistrate Judge Wilkerson and finds no clear error in his conclusion that Defendants' motion for sanctions should be granted to the extent they request dismissal of this case. Walton failed to respond to discovery and to appear for his scheduled deposition. Walton was then ordered to appear at the Show Cause Hearing and was warned of the consequences for failing to do so (Doc. 63). Walton's failure to participate in discovery and to comply with the Court's orders requires dismissal of this action.

Nevertheless, the Court will not require Walton to pay the $150 in court reporter fees as requested by Defendants.[1] Pursuant to Rule 37(d)(3), the party failing to attend its own deposition "must" pay reasonable expenses, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (d)(3). In this case, the Court issued an Order on February 13, 2017, granting Walton's motion to proceed *in forma pauperis* ("IFP") and ordering Walton to pay an initial partial filing fee (Doc. 53). Because Walton was no longer incarcerated, the Order further required Walton to pay the remaining balance of the $350 filing fee or file an updated motion to proceed IFP by February 27, 2017. The Order warned that failure to comply with those directions would result in dismissal of the case. Walton never paid his initial partial filing fee or filed an updated motion to proceed IFP. Thus, Walton reasonably could have assumed this case had already been dismissed (and perhaps

---

[1] Magistrate Judge Wilkerson's Report and Recommendation did not address Defendants' request for reimbursement of the $150 fee.

desired that it be dismissed, considering he was no longer incarcerated) when he received his notice of deposition in August 2017. Yet, the Court did not dismiss the case as it had warned. Under these circumstances, the Court finds it unjust to award expenses to Defendants.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation entered by Magistrate Judge Donald G. Wilkerson with the above-referenced modification (Doc. 65). Defendants' Motion for Sanctions (Doc. 60) is **GRANTED in part and DENIED in part**, in that this case is dismissed, but Walton will not be ordered to reimburse Defendants $150 as a sanction for failing to attend his deposition. Defendants' Motion to Stay Discovery (Doc. 61) and Motion to Compel Discovery (Doc. 62) are **DENIED as moot**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 12, 2018

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**